*E. A. Tuttle,* for the appellants.

*E. M. Felt,* for the respondent.

PER CURIAM:

We do not think that the evidence in this case furnished any foundation for an award of rental damage. The fee value of the premises, however, seems to have been seriously affected by the existence of the elevated railroad in front thereof. And this damage is accentuated by the method of construction of the said elevated road and the manner of its use.

The suggestion that if no rental damage is awarded, then no fee damage can be allowed, is without merit. It depends very largely upon the use to which the premises may happen to be put for the time being as to whether rental damage is suffered or not. Thus, the lot may be used for a coal yard, and the rental damage because of the existence and operation of the elevated railroad would be nothing. And yet such existence and operation might seriously affect the value of the lot for the purpose of improvement, and, hence, fee damage be suffered.

We think the judgment should be modified by striking out the rental damage and affirmed as to the fee damage and the costs, without costs of appeal.

Present — VAN BRUNT, P. J., O'BRIEN and PARKER, JJ.

Judgment modified by striking out rental damage and affirmed as to the fee damage and the costs, without costs of appeal.

---

WILLIAM S. WILLIAMS, Appellant, *v.* ROBERT LINDBLOM, Respondent, Impleaded, etc.

*Case on appeal — stricken from calendar.*

Where a case upon appeal has never been settled nor ordered on file by any one who participated in any portion of the proceedings, it must be stricken from the calendar.

APPEAL by the plaintiff, William S. Williams, from a judgment of the Supreme Court in favor of the defendant, Robert Lindblom,

entered in the office of the clerk of the county of New York on the 12th day of March, 1895, upon the report of a referee, and also from an order, made at the New York Special Term and entered in said clerk's office on the 11th day of March, 1895, affirming the report of the referee.

*John M. Mitchell,* for the appellant.

*Linus A. Gould,* for the respondent.

PER CURIAM:

We find upon an examination of this case that it has never been settled; nor has it ever been ordered on file by any one who participated in any portion of the proceedings.

The case must be stricken from the calendar.

Present — VAN BRUNT, P. J., FOLLETT and PARKER, JJ.

Case stricken from calendar.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. RACHEL PURDY, Respondent, *v.* ASHBEL P. FITCH, as Comptroller of the City of New York, Appellant.

*Commissioners of appraisal in New York city — validity of an appointment under chapter 537 of 1893, as amended by chapter 567 of 1894.*

By the amendment of chapter 537 of the Laws of 1893 by chapter 567 of the Laws of 1894 a new statute was substantially enacted, and proceedings which had been taken under the law of 1893 prior to the passage of the act of 1894, and not completed, in order to be made the foundation of a claim against the city of New York, must be shown to have complied with the provisions of the act of 1894.

As powers were conferred by the act of 1894 upon the commissioners to be appointed thereunder, additional to those which the commissioners had originally enjoyed under the act of 1893, it became necessary for the mayor of the city of New York, after the passage of the act of 1894, to reappoint commissioners thereunder.

An appointment by the mayor of the city of New York, after the passage of the act of 1894, of certain persons as commissioners "to ascertain and pay the amount of damages to lands and buildings suffered by reason of changes of